# EXHIBIT A

## RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Court |
|---|---|---|

Case Number: 15-026904 CA 01

Plaintiff:
**BARBARA MUNIZ SANTANA**

vs.

Defendant:
**MIA-LAB, INC., A FLORIDA CORPORATION, AND CINDY MARTINEZ,**

For:
Eddy Marban
THE LAW OFFICES OF EDDY O MARBAN
1600 Ponce de Leon Blvd
Suite 902
Coral Gables, FL 33134

Received by Gissen & Zawyer Process Service, Inc. on the 19th day of November, 2015 at 8:11 am to be served on **CINDY MARTINEZ, 2129 W 76 ST, HIALEAH, FL 33016.**

I, ROBERT VAN RYN, do hereby affirm that on the **23rd day of November, 2015 at 10:30 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, COMPLAINT, CIVIL COVER SHEET, INTERROGATORIES, REQUEST FOR PRODUCTION, REQUEST FOR ADMISSIONS** with the date and hour of service endorsed thereon by me, at the within named person's usual place of abode, to a person residing therein who is 15 years of age or older to wit **CINDY MARTINEZ** at the address of: **2129 W 76 ST, HIALEAH, FL 33016**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server or an Appointed Process Server in good standing in the judicial circuit in which the process was served. Under Penalty of Perjury I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct. Notary not required pursuant to F.S. 92.525.

**ROBERT VAN RYN**
Process Server #1912

**Gissen & Zawyer Process Service, Inc.**
**3155 NW 82nd Avenue**
**Suite 101**
**Miami, FL 33122**
**(305) 463-0040**

Our Job Serial Number: ZPS-2015035996

Copyright © 1992-2015 Database Services, Inc. - Process Server's Toolbox V7.1b

*Robert 35996* (handwritten)

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>15-026904 CA 01 |
| **PLAINTIFF(S)**<br>BARBARA MUÑIZ SANTANA, | **VS.  DEFENDANT(S)**<br>MIA-LAB, INC.., a Florida corporation,<br>and CINDY MARTINEZ, | **SERVICE**<br>*Cindy Martinez* (handwritten) |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this
action on defendant(s):  CINDY MARTINEZ

          2129 W. 76 Street

          Hialeah, Florida 33016

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:  Eddy O. Marban, Esq.

whose address is:  1600 Ponce De Leon Boulevard, Suite 902

          Coral Gables, Florida 33134

*(handwritten notes: 10:20A  11/23/15 1912 RVP  CLOCK IN)*

within 20 days * <u>Except when suit is brought pursuant to s. 768.28, Florida Statutes. If the State of Florida, one of its agencies,</u>
<u>or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.</u>
<u>When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days.</u>" after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK OF COURTS** | BY: *(signature)* | **NOV 1 9 2015**<br>DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson
E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone
(305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than 7 days; if you are hearing or voice impaired,
call 711."**

CLK/CT. 314 Rev. 01/11

Clerk's web address: www.miami-dadeclerk.com

## RETURN OF SERVICE

State of Florida                County of Miami-Dade                Court

Case Number: 15-026904 CA 01

Plaintiff:
**BARBARA MUNIZ SANTANA**

vs.

Defendant:
**MIA-LAB, INC., A FLORIDA CORPORATION, AND CINDY MARTINEZ,**

For:
Eddy Marban
THE LAW OFFICES OF EDDY O MARBAN
1600 Ponce de Leon Blvd
Suite 902
Coral Gables, FL 33134

Received by Gissen & Zawyer Process Service, Inc. on the 19th day of November, 2015 at 8:11 am to be served on **MIA-LAB, INC. C/O CINDY MARTINEZ, REGISTERED AGENT, 2129 W 76 ST, HIALEAH, FL 33016**

I, ROBERT VAN RYN, do hereby affirm that on the **23rd day of November, 2015 at 10:30 am,** I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, COMPLAINT, CIVIL COVER SHEET, INTERROGATORIES, REQUEST FOR PRODUCTION, REQUEST FOR ADMISSIONS** with the date and hour of service endorsed thereon by me, at the within named person's usual place of abode, to a person residing therein who is 15 years of age or older to wit **CINDY MARTINEZ** at the address of: **2129 W 76 ST, HIALEAH, FL 33016**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server or an Appointed Process Server in good standing in the judicial circuit in which the process was served. Under Penalty of Perjury I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct. Notary not required pursuant to F.S. 92.525.

**ROBERT VAN RYN**
Process Server #1912

Gissen & Zawyer Process Service, Inc.
3155 NW 82nd Avenue
Suite 101
Miami, FL 33122
(305) 463-0040

Our Job Serial Number: ZPS-2015035995

Copyright © 1992-2015 Database Services, Inc. - Process Server's Toolbox V7.1b



| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☒ CIVIL | (a) GENERAL FORMS | |
| ☐ DISTRICTS | | 15-026904 CA 01 |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | SERVICE |
|---|---|---|
| BARBARA MUÑIZ SANTANA, | MIA-LAB, INC.., a Florida corporation, and CINDY MARTINEZ, | *1912 RVR 11/23/15 10:30A Cindy Martinez* |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s):  MIA-LAB, INC.

c/o Cindy Martinez, Registered Agent

2129 W. 76 Street

Hialeah, Florida 33016

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney:  Eddy O. Marban, Esq.

whose address is:  1600 Ponce De Leon Boulevard, Suite 902

Coral Gables, Florida 33134

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes. If the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK OF COURTS | BY: _HORTENSE ROMER_ DEPUTY CLERK | NOV 1 9 2015 DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

Filing # 34592420 E-Filed 11/18/2015 11:20:25 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.

BARBARA MUÑIZ SANTANA,

     Plaintiff,

vs.

MIA-LAB, INC., a Florida corporation, and
CINDY MARTINEZ, individually,

     Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

Plaintiff, BARBARA MUÑIZ SANTANA, by and through her undersigned attorney, pursuant to Rule 1.350 and other applicable rules of the Florida Rules of Civil Procedure, hereby require *each* Defendant, MIA-LAB, INC., and CINDY MARTINEZ, to produce the following:

1.     All receipts for all payments made to Plaintiff by Defendants during Plaintiff's entire employment term and/or association as an independent contractor with Defendants. Include all pay stubs from all paychecks.

2.     All contracts/documents of employment relating to Plaintiff's employment and/or association as an independent contractor with Defendants.

3.     All time sheets for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment and/or association as an independent contractor with Defendants until such time as Plaintiff's employment and/or association as an independent contractor ceased. Include all documents pertaining to hours worked by Plaintiff for Defendants.

4.      All documents, records and electronic data that pertain and relate to Plaintiff's employment and/or association as an independent contractor and/or termination of employment.

5.      A list of all employees with names, phone numbers, and addresses that Defendants have employed for the period of time that Plaintiff was employed with Defendants and/or associated as independent contractors.

6.      All employee income-reporting documents submitted by Defendants to the Internal Revenue Service, including UCT-6, regarding Plaintiff for the period that Plaintiff worked for Defendants and/or was associated as an independent contractor as stated in the Complaint.

7.      Any and all documents identified, used or relied upon in Defendants' response to Plaintiff's First Set of Interrogatories to Defendants filed simultaneously herewith.

8.      Any and all wage claims and/or wage hour complaints filed by any of Defendants' former or current employees and/or independent contractors for alleged violations of Federal and/or State Wage Hours Statutes.

9.      Any and all documents which depict, embody, or otherwise reflect Defendants' policies, practices and procedures related to their payment of overtime compensation during the relevant time period.

10.     Any and all documents which depict, embody, or otherwise reflect Defendants' policies, practices and procedures related to their grant of vacation time and/or the payment of accrued but unused vacation paid to employees and/or independent contractors during the relevant time period.

2

11.    Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of her employment and/or association as an independent contractor with Defendants.

12.    All paychecks, W-2 statements, 1099 statements, and other payroll documents which reflect the wages paid to Plaintiff by Defendants during the relevant time period.

13.    Any and all documents submitted by the Defendants to the United States Department of Labor or the Florida Department of Labor (Fair Labor Standards Division) regarding either agency's investigation and/or audit of Defendants' wage hour practices during the relevant time period.

14.    Any and all documents received from the Florida Department of Labor, Fair Labor Standards Division, regarding the agency's investigation and/or audit of Defendants' wage hour practices during the relevant time period.

15.    Any and all employee handbooks, personnel policies or other documents which embody or otherwise reflect Plaintiff's employment and/or association as an independent contractor, policies, practices and procedures in effect during the period of Plaintiff's employment, including any amendments or modifications thereto.

16.    The complete personnel file of Plaintiff and any or all other documents related to Plaintiff's employment and/or association as an independent contractor by Defendants.

17.    The complete personnel file of each and every person who held a supervisory position at Defendants' facility during the relevant time period.

18.    Any and all time cards, time and attendance sheets, and other documents which indicate or reflect the hours of the supervisors employed and/or associated a s independent contractors at Defendants' facility during the relevant time period.

19.     All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to any supervisors other than Plaintiff who worked and/or was associated as independent contractor at Defendants' facility during the relevant time period.

20.     The complete personnel files of each and every employee and/or independent contractors who, during the relevant time period, filed a Complaint with the Federal or State Department of Labor alleging wage hour violations on the part of Defendants.

21.     The complete personnel files of each and every employee and/or independent contractor who, during the relevant time period, filed a Complaint with any Court of competent jurisdiction alleging wage hour violations on the part of Defendants.

22.     The complete personnel file of each and every employee and/or independent contractor terminated by Defendants a t the subject facility during the relevant time period preceding the filing of the Complaint in this action.

23.     Any and all job descriptions, specifications, or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of her employment and/or association as an independent contractor with Defendants.

24.     Any and all documents in which Defendants intend to rely at trial to support their Affirmative Defenses set forth in their Answer to this Complaint.

25.     Any and all written statements of actual potential witnesses taken by or on behalf of Defendants in this action.

26.     Any and all documents which support Defendants' position that they were not obligated to pay overtime wages to Plaintiff.

27.     Any and all documents which support Defendants' position that they accurately paid overtime wages to Plaintiff.

4

28.     Any and all financial statements, including balance sheets and tax returns for Defendants during the relevant time period.

29.     Any and all documents which evidence who supervised or directed Plaintiff's work.

30.     Any documents which evidence who had the power to hire and/or fire employees and/or independent contractors for 2012 through 2015.

31.     Any and all documents which reflect the type of work performed by Plaintiff for Defendants for 2012 through 2015.

32.     Any and all documents of any kind and/or electronically-stored information which evidence payment to Plaintiff from Defendants.

33.     Any time records or documents of any kind evidencing the hours worked by Plaintiff during her employment with Defendants.

34.     Any and all documents which evidence who had the power to determine or modify Plaintiff's conditions of employment between 2012 through 2015.

35.     Any and all telephone bills or long distance telephone bills for the corporate Defendant, reflecting long distance calls for 2012 through 2015.

36.     Any and all contracts, invoices, statements, or documents of any kind reflecting the purchase or acquisition of any and all goods, materials, supplies, merchandise, equipment, used and/or sold by Defendants.

37.     Any and all documents which reflect purchases of goods and/or materials in 2012 through 2015, including, but not limited to the items referenced in paragraph 36.

38.     Any and all canceled checks, credit card statements, or documents of any kind evidencing payment for the purchase or acquisition of any of the items referenced in paragraph 36.

39.     Any and all invoices, statements, or billings of any kind, received from the vendors for the purchase or acquisition of goods or materials used by Plaintiff, including documents which evidence the particular goods or materials which were acquired by Defendants.

40.     Any and all bank statements for the corporate Defendant, evidencing deposits for 2012 through 2015.

I HEREBY CERTIFY that the foregoing Request was served on Defendants together with the Summons and Complaint.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: _s/Edilberto O. Marban_
      EDDY O. MARBAN, ESQ.
      Fl. Bar No. 435960

6

Filing # 34592420 E-Filed 11/18/2015 11:20:25 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.

BARBARA MUÑIZ SANTANA,

      Plaintiff,

vs.

MIA-LAB, INC., a Florida corporation, and
CINDY MARTINEZ, individually,

      Defendants.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS
## TO DEFENDANT MIA-LAB, INC.

Plaintiff, BARBARA MUÑIZ SANTANA, by and through her undersigned counsel, pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby request that Defendant, MIA-LAB, INC., make the following admissions:

1.    Admit that the Fair Labor Standards Act applies to your business for the time Plaintiff worked for you for the years 2012 through 2015.

2.    Admit or deny that the Fair Labor Standards Act applies to Plaintiff's work while she worked for you for the years 2012 through 2015.

3.    Admit that in each year between 2012 and 2015, Defendant used "materials," products or items of any kind that originated from states or countries outside of Florida.

4.    Admit that such "materials," products or items of any kind were handled, sold or otherwise worked on a regular and recurring basis by two or more of Defendant's employees in each year between 2012 and 2015.

5.    Admit that in each year between 2012 and 2015, Defendant used "goods," products or items of any kind that originated from states or countries outside of Florida.

6.    Admit that such "goods," products or items of any kind were handled, sold or otherwise worked on a regular and recurring basis by two or more of Defendant's employees in each year between 2012 and 2015.

7.    Admit or deny that for the years 2012 through 2015, Defendant had gross revenues in excess of $500,000.00 per year.

8.    Admit that Defendant and/or its employees worked on, worked with, and/or handled products, goods or materials, which were sold to entities outside of the state of Florida, for the relevant time period preceding the filing of the Complaint.

9.    Admit that you owe each Plaintiff at least some amount of overtime wages for work performed during her employment with Defendant.

I HEREBY CERTIFY that the foregoing Request was served on Defendant together with the Summons and Complaint.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: s/Edilberto O. Marban
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960

2

Filing # 34592420 E-Filed 11/18/2015 11:20:25 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.

BARBARA MUÑIZ SANTANA,

        Plaintiff,

vs.

MIA-LAB, INC., a Florida corporation, and
CINDY MARTINEZ, individually,

        Defendants.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CINDY MARTINEZ

      NOTICE IS HEREBY GIVEN that Plaintiff, BARBARA MUÑIZ SANTANA, by and

through her undersigned attorney, pursuant to Rule 1.340 and the other applicable Rules of Florida

Rules of Civil Procedure, have served the original Interrogatories and one copy, together with the

Summons and Complaint, on Defendant, CINDY MARTINEZ.

      I HEREBY CERTIFY that the foregoing Notice was served on Defendant together with the

Summons and Complaint.

                           THE LAW OFFICES OF
                           EDDY O. MARBAN
                           1600 Ponce De Leon Boulevard, Suite 902
                           Coral Gables, Florida 33134
                           Telephone (305) 448-9292
                           Facsimile (305) 448-9477
                           E-mail: marbanlaw@gmail.com

                           By: *s/Edilberto O. Marban*
                              EDDY O. MARBAN, ESQ.
                              Fl. Bar No. 435960

## INTERROGATORIES TO CINDY MARTINEZ

1.     Please state the name, address, date of birth, social security number and telephone number(s) for the individual(s) who had the power to hire and fire employees, including, but not limited to, Plaintiff, for the relevant time period preceding the filing of the Complaint.  Please describe the extent of such authority, and explain whether more than one individual had to be involved in the process.

2.     Please state the name, address, date of birth, social security number and telephone number(s) for the individual(s) who supervised and controlled employees (including, but not limited to, Plaintiff) work schedules or conditions of employment for the relevant time period preceding the filing of the Complaint. Please describe the extent of such authority, and explain whether more than one individual had to be involved in the process.

3.     Please state the name, address, date of birth, social security number and telephone number(s) for the individual(s) who determined the rate and method of payment for employees (including, but not limited to, Plaintiff) for the relevant time period preceding the filing of the Complaint. Please describe the extent of such authority, and explain whether more than one individual had to be involved in the process.

4.     Please state the name, address and telephone number(s) for the individual(s) who maintained employment records for employees (including, but not limited to, Plaintiff) for the relevant time period preceding the filing of the Complaint.

2

5.    For the relevant time period preceding the filing of the Complaint, please state the name, address, date of birth, social security number and telephone number(s) for the officers of the Defendant corporation. Please describe the extent of their involvement in the business and whether it is daily, or sporadic.

6.    Please state the name, address and telephone numbers of the individuals who were responsible for allocating, or who had the responsibility to ensure that there are sufficient funds to make payroll for the relevant period preceding the filing of the Complaint in this action.

7.    Please state the name, address, date of birth and social security number of the individual(s) who were in charge of the day-to-day operations for the Defendant corporation.

8.    Please state the name, address, date of birth and social security number of the individual(s) who were in charge of the day-to-day operations for the Defendant corporation, as outlined in *Olivas v. Little Havana,* 324 Fed. Appx. 839 (11th Cir. 2009).

9.    State the name, address, date of birth and social security number of the individual(s) who exercised operational control over the Defendant corporation.

10.    State the name, address, date of birth and social security number of the individual(s) who exercised operational control over the Defendant corporation, as contemplated or outlined in *Olivas v. Little Havana,* 324 Fed. Appx. 839 (11th Cir. 2009).

4

 

_____

CINDY MARTINEZ


STATE OF FLORIDA       )
                         ) ss:
COUNTY OF _____   )

     The foregoing instrument was acknowledged before me this _____ day of _____, 2015, by CINDY MARTINEZ, who is personally known to me or who has produced _____ as identification and who did take an oath.


_____

NOTARY PUBLIC
State of Florida at Large

(SEAL)

5

Filing # 34592420 E-Filed 11/18/2015 11:20:25 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.

BARBARA MUÑIZ SANTANA,

      Plaintiff,

vs.

MIA-LAB, INC., a Florida corporation, and
CINDY MARTINEZ, individually,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET
## OF INTERROGATORIES TO DEFENDANT MIA-LAB, INC.

      NOTICE IS HEREY GIVEN that Plaintiff, BARBARA MUÑIZ SANTANA, pursuant to

Rule 1.340 and the other applicable Rules of Florida Rules of Civil Procedure, has served the

original Interrogatories and one copy, together with the Summons and Complaint on Defendant

MIA-LAB, INC.

      I HEREBY CERTIFY that a true and correct copy of the foregoing Notice was served on

Defendant, together with the Summons and Complaint.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: s/Edilberto O . Marban
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960

## INTERROGATORIES TO DEFENDANT MIA-LAB, INC.

1.     What is the name, address, and date of birth of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.     Please identify each and every document (including electronically stored information or pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Rules of Civil Procedure 1.100 filed in this action).

3.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

4.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

5.     Please state the dates when Plaintiff began to work for Defendant. Specify the nature of the employment agreement as to the hours that Plaintiff worked, including, but not limited to: the substance of all discussions as to the amount of hours which Plaintiff would be required to work, as well as the dates when any such discussions took place and the hours that Plaintiff actually worked (or performed services as an independent contractor) while employed by Defendant.

6.     State whether Plaintiff was entitled to take a meal period, or break, the duration of each meal period or break, the frequency the Plaintiff took breaks, and whether Plaintiff was required to log out of the time keeping system during the break.

7.     State whether Defendant ever discussed with Plaintiff the subject of overtime wage compensation. If your answer is in the affirmative, please state the nature of any such discussions as well as the dates on which such discussions took place and the name, address and telephone number of the individual(s) who spoke with Plaintiff. If your answer is in the negative, please state why you did not discuss overtime wage compensation.

8.     Describe the time-keeping system, if any, used to monitor employee and/or independent contractor time and attendance used by Defendant. If the time-keeping system is a machine or computerized, please describe the following in your answer: a) the brand name; b) the vendor name, address and telephone number; c) the manufacturer name, address and telephone number; d) brand name of software used for the system; and 5) the location of the manufacture. For any other time-keeping system, identify and describe in detail the method used to keep track of the hours for Plaintiff. Please include the name, address and telephone number for the individual(s) responsible for maintaining those records, or keeping track of the hours. Identify any documentation used in calculating the hours for all of Defendant's employees (or independent contractors), and the physical location, the name and address of the custodian for any such documentation.

3

9.      If Defendant contends that it acted in good faith in connection with its obligation to comply with the Fair Labor Standards Act, please set forth all facts that support this contention as to: maintaining time records for Plaintiff, maintaining pay records for  Plaintiff, and correctly paying overtime wages to Plaintiff, or any other similarly-situated employees.

10.     If Defendant claims that the Fair Labor Standards Act violations alleged, if any, were not committed intentionally, please set forth all facts in support of Defendant's allegations that the alleged violations were not intentional.

11.     Please identify, describe and list all equipment, goods and materials owned and used by Defendant in its business in the years 2012-2015.  For any such items, please state: a) the name of the vendor, person or entity from which such goods, materials or equipment was acquired; b) the date when they were acquired; c) identify the place of manufacture, place of processing and/or place of bottling identified on the label for item; d) specify the method of paying for these items, whether by check, credit card, or cash; and e) for equipment, specify the type, brand name and serial number.

12.     State the name, address and telephone number for each and every credit card company/entity which Defendant accepts, uses, is authorized to use, and/or is under contract, agreement or understanding with for purposes of accepting credit card payments at the business. State the reference number used by the credit card company to identify the Defendant corporation.

13.     State the reason why Plaintiff ceased to be employed by Defendants.

MIA-LAB, INC.

By: _____

Print Name: _____

Title: _____

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF _____    )

    The foregoing instrument was acknowledged before me this _____ day of _____, 2015, by _____, who is _____ of MIA-LAB, INC, who is personally known to me or who has produced _____ as identification and who did take an oath.

_____
NOTARY PUBLIC
State of Florida at Large

(SEAL)

6

Filing # 34592420 E-Filed 11/18/2015 11:20:25 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.

BARBARA MUÑIZ SANTANA,

      Plaintiff,

vs.

MIA-LAB, INC., a Florida corporation, and
CINDY MARTINEZ, individually,

      Defendants.

_____/

# COMPLAINT

COMES NOW, Plaintiff, BARBARA MUÑIZ SANTANA, by and through her undersigned attorney, and hereby sues Defendants, MIA-LAB, INC. and CINDY MARTINEZ, individually (hereinafter collectively referred to as "the Employer"), and alleges:

## VENUE

1.     All facts giving rise to this cause of action, took place in Miami-Dade County, Florida.

2.     Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.     At all times material hereto, Defendants were doing business in Miami-Dade County, Florida, where Plaintiff was employed.

## JURISDICTIONAL ALLEGATIONS

4.     This is an action to recover money damages for unpaid overtime wages. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for

jurisdictional placement) ("the FLSA"). Plaintiff also seeks damages for unlawful retaliatory discharge pursuant to 29 U.S.C. § 215(a)(3).

5.     Plaintiff seeks damages in excess of $15,000.00 and this action is therefore within the jurisdiction of this Court.

6.     The corporate Defendant, MIA-LAB, INC., at all times material hereto was doing business within the jurisdiction of Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

7.     The individual Defendant, CINDY MARTINEZ, resides within Miami-Dade County, Florida.

8.     This action is brought by Plaintiff to recover from the employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Plaintiff also seeks damages for unlawful retaliatory discharge pursuant to 29 U.S.C. § 215(a)(3).

9.     The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all

2

times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce; otherwise satisfy the FLSA's requirements. The Corporate Defendant also had two or more employees that handled goods that moved in commerce or worked on goods destined for interstate commerce.

10.     By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

11.     The corporate Defendant is a full service optical laboratory which employed Plaintiff from approximately 2010 until October 19, 2015. Plaintiff's duties included: the making of deliveries before her shift in the morning, polishing and preparing prescription glasses and multiple other functions in the preparation of the prescription glasses.

12.     Plaintiff was an hourly paid employee. Her pay ranged from $8.25 per hour to $11.00 an hour during the relevant three-year time period when she was employed with Defendants. Plaintiff was also paid an additional amount of $30.00 per week to reimburse her for the gas expenses incurred making deliveries for the benefit of the Defendants.

## COUNT I: CLAIM FOR UNPAID[1]
## OVERTIME WAGES AGAINST MIA-LAB, INC.

13.     Plaintiff re-alleges and re-avers paragraphs 1 through 12 as fully set forth herein.

14.     29 U.S.C. § 207(1) requires an Employer to pay time-and-a-half overtime wages for every hour worked in excess of forty (40) hours weekly. Plaintiff worked five days a week.

---

[1] The hours worked are estimated as a matter of inference as allowed by law. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946); *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007). Accordingly, we reserve the right to amend any calculations set forth in this Complaint until such time as discovery is taken and time and payroll documents are received from Defendants.

3

Plaintiff would start approximately at 8:30 a.m., making deliveries and finish around 7:00 p.m. She was also supposed to have a one-hour meal period, however, her meal period was subject to interruption or frequently interrupted. Plaintiff estimates as a matter of just and reasonable inference that she worked an average of 52.50 hours per week. On limited occasions, Plaintiff was paid some overtime wages in order to feign compliance with the FLSA, however, she was not paid for the off-the-clock hours worked, for which she is owed one-a-half-times her regular rate. Plaintiff estimates that she worked an average of 12.50 overtime hours per week. Defendant should be allowed an off-set for the limited number of times when some overtime wages were paid and for the times when Plaintiff did not work the entire week, or worked fewer hours. These estimates are made as allowed by law since Defendant failed to keep accurate time records.

15.     At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by Defendant to properly pay at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as required by the FLSA.

16.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant had knowledge of Plaintiff's work schedule and the amount of hours she worked. Defendant failed to keep accurate time records of the hours worked by Plaintiff. Defendant required Plaintiff to make deliveries in the morning, off-the-clock did not keep accurate records and intentionally failed to pay Plaintiff by omitting hours that she worked. Defendant also interrupted Plaintiff's meal period and yet failed to pay her for this time which is considered

4

work time by the FLSA. Defendant knew or should have known of the work performed and of its obligation to pay overtime wages to Plaintiff.

17.     Plaintiff retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: CLAIM FOR UNPAID
## OVERTIME WAGES AGAINST CINDY MARTINEZ

18.     Plaintiff re-alleges and re-avers paragraphs 1 through 17 as fully set forth herein.

19.     29 U.S.C. § 207(1) requires an Employer to pay time-and-a-half overtime wages for every hour worked in excess of forty hours weekly. CINDY MARTINEZ failed to pay Plaintiff her overtime wages.

20.     The individual Defendant, CINDY MARTINEZ, is an "employer," as defined in 29 U.S.C. § 203(d), as she had operational control over the Defendant corporation, and was directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff. Moreover, MARTINEZ controlled the purse strings for the Defendant corporate entity.

21.     At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and

5

worked in excess of the maximum hours provided by the FLSA but no provision was made by CINDY MARTINEZ to properly pay her the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

22.     CINDY MARTINEZ knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. CINDY MARTINEZ had knowledge of Plaintiff's work schedule and the amount of hours she worked. CINDY MARTINEZ knew or should have known of the work performed by Plaintiff and of her obligation to pay overtime wages to Plaintiff.

23.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from Defendant, CINDY MARTINEZ, jointly and severally, together with the corporate Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III: RETALIATORY DISCHARGE
## PURSUANT TO THE FLSA, 29 U.S.C. § 215(a)(3)

24.     Plaintiff re-alleges and re-avers paragraph 1 through 12 as fully set forth herein.

25.     Shortly before the termination of her employment on October 19, 2015, Plaintiff made a protected expression to the corporate and individual Defendants in that she was not

6

getting paid for all hours worked and was not being paid overtime wages as required by the FLSA.

26.  Plaintiff suffered an adverse employment action as a result of her complaint about unlawful compensation. Plaintiff was terminated as a result of her complaint. Plaintiff's protected expression and her unlawful termination were causally connected.

27.  Defendants' unlawful retaliatory practices, of terminating Plaintiff's employment is prohibited by the FLSA.

28.  Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning the payment of wages and in retaliating against Plaintiff for complaining about not receiving the compensation required by the FLSA.

29.  By reason of the foregoing acts of the corporate and individual Defendants, Plaintiff suffered damages, including lost income, benefits, and employer contributions. Plaintiff is entitled to recover liquidated damages (double damages) pursuant to the Statute. Plaintiff's termination was as a result of an intentional act or an act committed with reckless disregard of the law. Defendants knew that Plaintiff was not paid for all hours worked, and terminated Plaintiff's employment intentionally and retaliated because she made such complaint.

30.  Plaintiff is entitled to recover costs and reasonable attorney's fees pursuant to the FLSA, 29 U.S.C. § 216(b).

31.  Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for their violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by the employers, including, back and front wages, liquidated damages,

7

reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury of all issues triable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: *s/Edilberto O. Marban*
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960

8

Filing # 34592420 E-Filed 11/18/2015 11:20:25 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I.   **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Barbara M. Santana</u>
Plaintiff
          vs.
<u>Mia-Lab, Inc., Cindy Martinez</u>
Defendant

II.   **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
  ☒  Monetary;
  ☐  Non-monetary
  ☐  Non-monetary declaratory or injunctive relief;
  ☐  Punitive

IV.   **NUMBER OF CAUSES OF ACTION:** (    )
  (Specify)

  <u>3</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐  Yes
  ☒  No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒  No
  ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒  Yes
  ☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Edilberto O Marban</u>      FL Bar No.: <u>435960</u>
      Attorney or party                                    (Bar number, if attorney)

  <u>Edilberto O Marban    11/18/2015</u>
      (Type or print name)                           Date