UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-24570-CIV-MCALILEY
[CONSENT CASE]

BARBARA MUNIZ SANTANA,

    Plaintiff,

vs.

MIA-LAB, INC., et al.

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, BARBARA MUNIZ SANTANA, and Defendants, MIA-LAB, INC., and CINDY MARTINEZ, pursuant to this Court's Order and by and through their respective counsel, hereby respectfully state as follows:

Plaintiff filed a Complaint alleging unpaid overtime wages under the Fair Labor Standards Act and damages for unlawful retaliatory discharge. Defendants deny Plaintiff's claim that Defendants violated the FLSA, that Plaintiff is entitled to any overtime wage pay during the relevant time period and that Plaintiff engaged in a protected activity under the FLSA's anti-retaliation provision.

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim for back wages must either be supervised by the Secretary of Labor or must be approved by the District Court. See *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court

should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; see also *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.,* 391 F.Supp. 2d 1142, 1146 (M.D. Fla. 2005).

Recent case law has shifted the approval process when Plaintiff is represented by counsel, and is therefore placed in an adversarial setting. In the present case, both parties were represented by counsel in an adversarial proceeding. *See Martin v. Spring Break '83 Prods.*, LLC, 688 F.3d 247 (5th Cir. 2012) (Lynn's Food Stores, Inc. fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), *followed* by *Smith v. Tri-City Transmission Serv*., 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012).

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.
> *Hamilton v. Frito-Lay, Inc.*, 605-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiff, represented by counsel, filed a claim for unpaid overtime wages against Defendants, also represented by counsel. Both parties are represented by counsel experienced in FLSA matters.

The parties have decided to resolve the claim only due to the disputed issues of facts and inherent risks of litigation. *Infra.*

As to the *second factor*, The parties would be required to submit to depositions, as well as undertake the deposition of third-party witnesses in the case. The parties would have had to expend significant time and resources in preparation for trial, as well as attend a two to three-day trial. Additionally, there is the possibility that the non-prevailing party may appeal the verdict, albeit the statistical possibility of an appeal cannot be presently ascertained. The expense of litigation to the Defendants is far greater than the amount of the settlement. While the complexity of the case is not high, there is are several disputed issues of fact which remained to be resolved. *Infra.*

As to the *third factor*, the litigation is currently in the discovery phase. Defendants have responded to Plaintiff's discovery. The parties also intended to depose the other's clients. The parties have also discussed the disputed issues which spurred settlement.

As to the *fourth factor*, there are several disputed issues. Defendants contend that Plaintiff is exempt from the overtime wage laws. If the exemption applies, then Plaintiff may not recover overtime wages, regardless of the hours she claims to have worked. Only where the exemption does not apply, would Plaintiff be entitled to recover overtime wages.

The parties dispute the number of hours that Plaintiff worked. Plaintiff alleges that she worked an average of 52.50 hours per week. Defendants dispute the allegations that Plaintiff worked overtime hours. Defendants contend that Plaintiff was properly paid for every hour that she worked.  Thus, there is a bona fide dispute as to Plaintiff's hours.

The parties also dispute the statute of limitations period. Plaintiff contends the violation was willful. If Plaintiff's position is correct, Plaintiff would be entitled to a three-year statute of limitation for the overtime wage claim. Defendants contend their violation, if any, was not willful in nature. Assuming, *arguendo*, Defendants' position is correct, Plaintiff would be entitled to a two-year statute of limitation for the overtime claim.

Additionally, Plaintiff contends the violation lacked good faith and liquidated damages should be imposed. Defendants allege they acted in good faith and that their actions or omissions were based on reasonable grounds for believing that they were not a violating the FLSA. Assuming, *arguendo,* Defendants' position is correct, Plaintiff would be precluded from recovering liquidated damages. Thus, Plaintiff's recovery, if any, could be limited to a wage portion.

As to the *fifth factor*, should Defendants have prevailed based on any of their defenses, Plaintiff potentially may have recovered less than what is claimed in the Complaint, not recovered anything, or may have owed a cost judgment to the Defendants. Should Plaintiff prevail, the Defendants may potentially fail on all defenses and be indebted to the Plaintiff for a Judgment for wages, for part or the entire of Plaintiff's claim, as well as an award for liquidated damages and attorney's fees. The range of recovery varies anywhere, between $0 and $57,440.72 (the total value of the overtime wage claim). Consequently, the parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investiture of additional time to continue to litigate this case, the additional expenditure of fees and costs that will accrue, the uncertainty of whether any money judgment would be collectable, and the

possibility that such a judgment would be discharged in bankruptcy. In recognition of these concerns, the parties have agreed to resolve this action.

The parties have agreed to resolve this action for $17,500.00, inclusive of attorney's fees and costs.  From the settlement amount, Plaintiff has agreed to receive the amount of $9,737.00, of which $4,868.50 represents unpaid wages and $4,868.50 represents liquidated damages. Plaintiff's counsel will receive the amount of $7,000.00 as payment for fees and $763.00 as payment for costs. *See* Settlement Agreement attached as Exhibit 1.

As to the <u>*sixth factor*</u>, the parties' respective counsel are satisfied, when considering the aforementioned issues, that the Agreement fairly resolves the dispute between them in the instant action. "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346 (M.D. Fla. 2010). The parties stipulate to the dismissal with prejudice of the instant action upon such court approval and request the Court to retain jurisdiction to enforce the terms of the agreement.  Accordingly, the Parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc*., at 1354.

### Contingency Fee Agreement

The fee charged in this action is a 40% contingency fee pursuant to a written agreement with the client. The percentage is determined by deducting 40% of the total recovery to the client, in this case from the settlement amount. The contingency fee is deducted before the contingency fee is calculated. The client has been provided with a breakdown which is set forth in the settlement agreement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) retaining jurisdiction to enforce payment terms; and (3) dismissing this action with prejudice.

Dated this 22nd day of April, 2016.

| | |
|---|---|
| THE LAW OFFICES OF<br>EDDY O. MARBAN<br>Counsel for Plaintiff<br>1600 Ponce De Leon Boulevard<br>Suite 902<br>Coral Gables, Florida 33134<br>Telephone (305) 448-9292<br>Facsimile (305) 448-9477<br>E-mail: marbanlaw@gmail.com<br><br>By: *s/Edilberto O. Marban*<br>     EDDY O. MARBAN, ESQ.<br>     Fl. Bar No. 435960 | FORDHARRISON.<br>Counsel for Defendants<br>100 S.E. 2nd Street<br>Suite 2150<br>Miami, Florida 33131<br>Telephone (305) 808-2143<br>Facsimile (305) 808-2101<br>E-mail: erodriguez@fordharrison.com<br><br>By: *s/Elizabeth M. Rodriguez*<br>     ELIZABETH M. RODRIGUEZ, ESQ.<br>     Fl. Bar No. 821690 |