## SETTLEMENT AGREEMENT, MUTUAL GENERAL RELEASE AND WAIVER OF ALL CLAIMS

This Settlement Agreement and General Release ("Agreement"), is made and entered into by and between MIA-LAB, INC., including its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, officers, and its successors, assigns and attorneys, CINDY MARTINEZ, on behalf of herself, his heirs, executors, administrators, successors (hereby collectively referred to as "EMPLOYER"); and BARBARA MUNIZ SANTANA, , on behalf of herself, her executors, administrators, successors, attorneys, and assigns (herein referred to "EMPLOYEE"), in settlement of the case currently pending in the United States District Court Southern District of Florida Miami Division, styled: *Barbara Muniz Santana v. Mia-Lab, Inc., et al.*, Case No. 15-24570-CIV-McAliley. EMPLOYER and EMPLOYEE will be collectively referred to as "The Parties."

WHEREAS, EMPLOYER does not admit, but rather, specifically denies the validity of EMPLOYEE'S claim and that it is subject to any liability to EMPLOYEE, or to anyone else as a result of or growing out of matters set forth by EMPLOYEE in her Complaint in this matter;

WHEREAS, the Parties wish to resolve and settle their differences without resort to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.   **Recitals** The Parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2.   **Consideration** In consideration for signing this Agreement and compliance with the promises made herein, EMPLOYER shall pay the sum of Seventeen Thousand Five Hundred 00/100 Dollars ($17,500.00), inclusive of attorney's fees and costs. The sum shall be paid as follows:

   A.   Fifteen (15) days after the court's approval, assuming that is issued after the expiration of the revocation period, or on May 1, 2016, whichever is later, EMPLOYER will issue a check made payable to Barbara Muniz Santana in the amount of Three Thousand Two Hundred Forty-Five 66/100 Dollars ($3,245.66), less applicable taxes and withholdings, for unpaid wages and overtimes wages, for which EMPLOYER will issue a W-2 form at the appropriate time and a second check in the amount of Two Thousand Five Hundred Eighty-Seven 66/100 Dollars ($2,587.66), shall be made payable to Eddy O. Marban, P.A. for attorneys' fees and costs for which EMPLOYER shall issue an appropriate Form 1099 at the appropriate time;

   B.   Thirty (30) days after the first payment above is issue or on June 1, 2016, whichever is later, EMPLOYER will issue a check made payable to Barbara Muniz Santana in the amount of Three Thousand Two Hundred Forty-Five 66/100 Dollars ($3,245.66) without any withholdings taken out and is for liquidated damage, for which EMPLLOYER will issue an

appropriate Form 1099 at the appropriate time and a second check in the amount of Two Thousand Five Hundred Eighty-Seven 66/100 Dollars ($2,587.66), shall be made payable to Eddy O. Marban, P.A., for attorneys' fees and costs for which EMPLOYER shall issue an appropriate Form 1099 at the appropriate time; and

      C.    On or before July 1, 2016, a check made payable to Barbara Muniz Santana in the amount of Three Thousand Two Hundred Forty-Five and 68/100 ($3,245.68), without any withholdings taken out and is consideration for the general release for which EMPLOYER will issue an appropriate Form 1099 at the appropriate time and a second check in the amount of Two Thousand Five Hundred Eighty-Seven 68/100 Dollars ($2,587.68), shall be made payable to Eddy O. Marban, P.A. for attorneys' fees and costs for which EMPLOYER shall issue an appropriate Form 1099 at the appropriate time.

If this Agreement is not approved by the Court, nothing will be owed to EMPLOYEE or her attorneys.

In the event that EMPLOYER defaults on any payments described, and fails to cure such default within five (5) days of e-mail notice Elizabeth M. Rodriguez, Ford & Harrison, LLP at the following e-mail address: erodriguez@fordharrison.com, EMPLOYEE shall be entitled to a judgment against Defendants, MIA-LAB, INC. and CINDY MARTINEZ, jointly and severally, in the amount of Seventeen Thousand Five Hundred and 00/100 Dollars ($17,500.00), less a credit for any payments made hereunder. Plaintiff shall also be entitled to reasonable attorney's fees and costs incurred in collection of the settlement amount. Any notice received after 5:00 P.M. would be considered notice on the next business day.

EMPLOYEE further represents that she and her legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to EMPLOYEE pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, EMPLOYEE agrees to indemnify and hold harmless the EMPLOYER from and against any and all liability that the EMPLOYER may sustain as a result of such claims, liens or subrogated interests.

      3.    **Indemnification**  Any Employee tax obligation arising from the payments made to EMPLOYEE are the EMPLOYEE'S sole responsibility. EMPLOYEE further covenants and agrees that she will hold harmless and indemnify EMPLOYER against any tax liability arising from tax payments made under this Agreement. EMPLOYEE acknowledges that she has not relied on any statements or representations by EMPLOYER with respect to the tax treatment of such payments.

      4.    **Release of Claims**  EMPLOYEE knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, the EMPLOYER of and from any and all claims, known and unknown, asserted and unasserted or that EMPLOYEE has or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Florida Minimum Wage Act;

2

- The Miami-Dade Wage Theft Ordinance;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- Older Workers Benefit Protection Act
- The Americans with Disabilities Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Family Medical Leave Act;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Consolidated Omnibus Budget Reconciliation Act;
- The Affordable Care Act;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- The Florida Workers' Compensation Law – Fla. Stat. §440.01 et. seq.
- Retaliatory discharge, Florida Workers' Compensation Law, Fla. Stat. §440.205
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Tort claims (including without limitation any claim for misrepresentation or fraud, assault, battery, intentional infliction of emotional distress, defamation, invasion of privacy, negligence, or negligent hiring, retention, or supervision);
- Any claim arising from a contract;
- Any public policy, contract, tort, or common law claim (whether in law or in equity); and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

This release includes any claims under the Age Discrimination in Employment Act of 1967 (ADEA) and the Older Workers Benefit Protection Act (OWBPA). EMPLOYEE acknowledges and agrees that this waiver of any right or claim under the ADEA and OWBPA is knowing and voluntary, and specifically agrees as follows: (a) that this Agreement and this waiver is written in a manner which she understands; (b) that this Agreement specifically relates to rights or claims under the ADEA and OWBPA; (c) that EMPLOYEE does not waive any rights or claims under the ADEA and OWBPA that may arise after the date of execution of this Agreement; (d) that EMPLOYEE waives rights or claims under ADEA and OWBPA; in exchange for consideration in addition to anything of value to which she is already entitled; and (e) that EMPLOYEE is hereby advised in writing to consult with an attorney prior to executing this Agreement.

The parties acknowledge that the Agreement shall not apply to rights or claims that may arise after the Effective Date. Additionally, nothing in this paragraph or the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. EMPLOYEE understands and agrees that she is releasing the EMPLOYER, from any and all claims by which she is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought on her behalf.

3

Similarly, EMPLOYER knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, the EMPLOYEE of and from any and all claims, known and unknown, asserted and unasserted or that EMPLOYER has or may have against EMPLOYEE as of the date of execution of this Agreement.

5. **Dismissal of Lawsuit**. The Parties agree that, upon the final execution of this AGREEMENT by all parties, counsel for the parties shall, file a motion for approval of this Agreement and dismissal of this case with prejudice. The Parties will ask the Court to retain jurisdiction to enforce the payment terms under the Agreement.

6. **No Re-Application for Employment** EMPLOYEE permanently, unequivocally, and unconditionally waives any and all rights EMPLOYEE may now have, may have had in the past, or may have in the future to obtain or resume employment and/or work as an independent contractor with the EMPLOYER. EMPLOYEE agrees never to apply for employment and/or to seek independent contractor work with the EMPLOYER, its' parents, successors, affiliates, and subsidiaries. Such actions shall not constitute retaliation.

7. **Non-Disparagement** EMPLOYEE agrees that she will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding the EMPLOYER or (b) make or authorize to be made by any written or oral statement that may disparage the reputation of EMPLOYER.

8. **Reference** In the event that a prospective employer requests an employment reference for EMPLOYEE, the EMPLOYEE will direct inquiries to EMPLOYER. The EMPLOYER will only provide dates of employment, positions held and rate of pay.

9. **Confidentiality** EMPLOYEE agrees that she will keep the existence of a lawsuit and the terms of this Agreement and related settlement discussions completely confidential, and that she will not hereafter disclose or attempt to disclose any information concerning this lawsuit or Agreement to anyone, unless otherwise required by law. Nothing in this paragraph precludes EMPLOYEE from divulging the terms of this Agreement to her spouse, tax advisor, financial planner or attorney. EMPLOYEE agrees that if she discloses the existence or terms of this Agreement to her spouse, tax advisor, financial planner, or attorneys she will advise such person(s) that they are under an obligation to maintain the confidentiality of such information.

EMPLOYER agrees that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including but not limited to the fact that there has been a settlement, are confidential and that EMPLOYER and its legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of EMPLOYEE'S claim from the time the settlement was agreed upon forward. In the event any other person or entity asks EMPLOYER about the lawsuit or about any of the disputes relating to EMPLOYEE'S employment with EMPLOYER, EMPLOYER and its legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude any of the parties or their legal representatives from disclosing the existence, terms, conditions and monetary amount of this

AGREEMENT to their legal representatives, accountants, insurers and tax preparers or to Government officials upon request or pursuant to subpoena, Court order or a claim by the EMPLOYER for contribution. In the event that any of these entities or individuals disclose the existence, terms, conditions or monetary amount of this AGREEMENT to an approved individual listed, it shall be their responsibility to advise said individual of the confidential nature of this AGREEMENT and to secure from such individual his or her assent to be bound by this confidentiality AGREEMENT not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else.

EMPLOYEE agrees that this confidentiality provision is a material element of this AGREEMENT and is consideration for EMPLOYER entering into and executing this AGREEMENT. No action by EMPLOYER or its parents, subsidiaries, affiliated corporations or representatives shall be taken as a waiver of EMPLOYER'S rights to insist that EMPLOYEE, and those individuals to whom she makes disclosure of the existence or terms of this AGREEMENT, abide by this confidentiality provision.

10. **Governing Law and Interpretation** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that any party breaches any provision of this Agreement, the parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action.

Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties agree that the Court shall retain jurisdiction to enforce the terms of this Agreement.

11. **Non-admission of Wrongdoing** The parties agree that neither this Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at anytime for any purpose as an admission by EMPLOYER of any liability or unlawful conduct of any kind. The Agreement shall not be used as evidence, except in a suit for enforcement of this Agreement.

12. **Amendment** This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

13. **Successors and Assigns** This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. EMPLOYEE expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

14. **Selective Enforcement** The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

15. **Copy of Agreement Valid** The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed counterparts to the Agreement are missing. This Agreement may be executed in counterparts, and the facsimile/copy of any signature or of this Agreement shall have the same force and effect as an original.

16. **Entire Agreement** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. EMPLOYEE acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

17. **Counterparts** This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

18. EMPLOYEE understands, represents and agrees that she:
  (A) **Has carefully read and fully understands all of the provisions of this Agreement;**
  (B) **Is, through this Agreement, releasing the Released Parties from any and all claims that she may have against them relating to her employment with, her payment of wages, and termination of employment from EMPLOYER;**
  (C) **Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;**
  (D) **Knowingly and voluntarily intends to be legally bound by this Agreement;**
  (E) **Was advised to consider the terms of this Agreement with counsel, and has consulted with her counsel prior to executing this Agreement; and**
  (F) **Is duly authorized and has full authority to execute this Agreement.**

19. EMPLOYEE acknowledges that she has been advised that she has twenty-one (21) to consider this Agreement before signing it and that she can waive this consideration period by signing the waiver below.

20. EMPLOYEE acknowledges that this Agreement will not become effective or enforceable until seven (7) days from the date that she signs this Agreement. During this seven (7) day period, EMPLOYEE may revoke this Agreement. If EMPLOYEE does not advise EMPLOYER in writing by writing to counsel for HHM, Elizabeth M. Rodriguez, Ford & Harrison LLP, 100 S.E. 2nd Street, Suite 2150, Miami, FL 33131 within such seven (7) day period of her intent to revoke this Agreement, this Agreement will become effective and enforceable upon the expiration of the seven (7) days.

Similarly, EMPLOYER knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, the EMPLOYEE of and from any and all claims, known and unknown, asserted and unasserted or that EMPLOYER has or may have against EMPLOYEE as of the date of execution of this Agreement.

5. **Dismissal of Lawsuit**. The Parties agree that, upon the final execution of this AGREEMENT by all parties, counsel for the parties shall, file a motion for approval of this Agreement and dismissal of this case with prejudice. The Parties will ask the Court to retain jurisdiction to enforce the payment terms under the Agreement.

6. **No Re-Application for Employment** EMPLOYEE permanently, unequivocally, and unconditionally waives any and all rights EMPLOYEE may now have, may have had in the past, or may have in the future to obtain or resume employment and/or work as an independent contractor with the EMPLOYER. EMPLOYEE agrees never to apply for employment and/or to seek independent contractor work with the EMPLOYER, its' parents, successors, affiliates, and subsidiaries. Such actions shall not constitute retaliation.

7. **Non-Disparagement** EMPLOYEE agrees that she will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding the EMPLOYER or (b) make or authorize to be made by any written or oral statement that may disparage the reputation of EMPLOYER.

8. **Reference** In the event that a prospective employer requests an employment reference for EMPLOYEE, the EMPLOYEE will direct inquiries to EMPLOYER. The EMPLOYER will only provide dates of employment, positions held and rate of pay.

9. **Confidentiality** EMPLOYEE agrees that she will keep the existence of a lawsuit and the terms of this Agreement and related settlement discussions completely confidential, and that she will not hereafter disclose or attempt to disclose any information concerning this lawsuit or Agreement to anyone, unless otherwise required by law. Nothing in this paragraph precludes EMPLOYEE from divulging the terms of this Agreement to her spouse, tax advisor, financial planner or attorney. EMPLOYEE agrees that if she discloses the existence or terms of this Agreement to her spouse, tax advisor, financial planner, or attorneys she will advise such person(s) that they are under an obligation to maintain the confidentiality of such information.

EMPLOYER agrees that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including but not limited to the fact that there has been a settlement, are confidential and that EMPLOYER and its legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of EMPLOYEE'S claim from the time the settlement was agreed upon forward. In the event any other person or entity asks EMPLOYER about the lawsuit or about any of the disputes relating to EMPLOYEE'S employment with EMPLOYER, EMPLOYER and its legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude any of the parties or their legal representatives from disclosing the existence, terms, conditions and monetary amount of this

The following acknowledgment of receipt must be signed by BARBARA MUNIZ SANTANA upon receipt of this Agreement to establish the date of receipt.

DATE: 04-22-2016

_____
BARBARA MUNIZ SANTANA

The following waiver may be signed by BARBARA MUNIZ SANTANA if she chooses to waive the 21-day consideration period.

I hereby acknowledge that I received a copy of this Agreement on this _____ day of April, 2016, and was informed that I have up to 21 days from this date to consider it before signing and 7 days to revoke this Agreement if I so chose. I hereby waive the 21-day consideration period.

DATE: 04-22-2016

_____
BARBARA MUNIZ SANTANA

Agreed and Accepted by:

04-22-2016
_____
Date

_____
BARBARA MUNIZ SANTANA
ID: FL. DL M525-060-62-823-0

STATE OF FLORIDA            )
                            SS:
COUNTY OF MIAMI-DADE        )

On this 22 day of April, 2016 before me personally appeared BARBARA MUNIZ SANTANA, personally known to me to be the person whose name is subscribed to the SETTLEMENT AGREEMENT, MUTUAL GENERAL RELEASE AND WAIVER OF ALL CLAIMS and acknowledged to me that she executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public, State of Florida at Large

CECILIA V. DE CASTRO
MY COMMISSION # FF 234064
EXPIRES: July 20, 2019
Bonded Thru Notary Public Underwriters

7

Agreed and Accepted by:

MIA-LAB, INC.

_4/20/16_
Date

By: _Cindy Martinez_ (signature)

Printed Name: Cindy Martinez

Title: President

STATE OF FLORIDA            )
                            ) ss.
COUNTY OF ~~MIAMI-DADE~~ _Broward_  )

On this _20_ day of April, 2016 before me personally appeared CINDY MARTINEZ, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    WITNESS my hand and official seal.

_(signature)_
Notary Public, State of Florida at Large

ANGELA TURNBULL BLAIR
Notary Public, State of Florida
Commission # EE 85350?
My comm. expires Nov 25, 201?

Agreed and Accepted by:

_4/20/16_
Date

_Cindy Martinez_ (signature)
CINDY MARTINEZ

STATE OF FLORIDA        )
                        ) SS:
COUNTY OF ~~MIAMI-DADE~~ _BROWARD_  )

On this _20_ day of April, 2016 before me personally appeared CINDY MARTINEZ, personally known to me to be the person whose name is subscribed to the <u>SETTLEMENT AGREEMENT, MUTUAL GENERAL RELEASE AND WAIVER OF ALL CLAIMS</u> and acknowledged to me that she executed the instrument.

WITNESS my hand and official seal.

_Angela Turnbull Blair_ (signature)
Notary Public, State of Florida at Large

ANGELA TURNBULL BLAIR
Notary Public, State of Florida
Commission # FF 853504
My comm. expires Nov 25 2019

WSACTIVELLP:8355726.1

2